## Lonie Chandler v. The State.

### No. 3995.   Decided March 15, 1916.

1.—Assault to Murder—Sufficiency of the Evidence.

Where, upon trial of assault with intent to murder, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

2.—Same—Defense of Another—Charge of Court.

Where the evidence did not raise the issue that defendant was acting in the defense of another, there was no error in the court's refusing to charge thereon.

3.—Same—Indeterminate Sentence Law—Reform of Judgment.

Where, upon trial and a conviction for assault to murder, the defendant's punishment was assessed at four years imprisonment in the penitentiary, the judgment is reformed on appeal so as to conform to the indeterminate sentence law.

Appeal from the District Court of Fayette. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of

assault with intent to murder, and his punishment assessed at four years in the penitentiary.

He contends that the evidence is insufficient to sustain the conviction. We have carefully read and studied all the testimony. In our opinion it was sufficient. We see no good purpose which could be served by reciting the testimony.

The court, as the law requires, submitted his charge to appellant's attorneys before it was read, and gave him the opportunity to object thereto. At the time, he made certain objections thereto and requested some special charges. The court gave the only two of his special charges which should have been given and correctly refused the others. Evidently the court must have made some changes in his charge after seeing and considering appellant's objections, and with the specially requested charges given must have met appellant's objections, for he did not present any bill to the court's charge, nor afterwards insist upon his objections.

The evidence, in addition to raising the question of assault with intent to murder, also raised that of aggravated assault and of self-defense. Upon the whole, the court submitted all of these questions in apt and proper charges.

The trial judge correctly held that the evidence did not raise any issue of appellant acting in defense of either or both of his brothers and properly refused to give appellant's charge on that subject.

Under the evidence the court correctly refused to give either of his requested peremptory charges instructing the jury to acquit him of an assault with intent to murder.

Upon the whole, the case was correctly tried; the evidence was amply sufficient to sustain the verdict, and the charge of the court, together with those of the appellant given, correctly submitted every issue raised by the evidence properly to the jury.

The sentence does not conform to our indeterminate sentence law. It requires confinement of the appellant for four years straight. The judgment will here be reformed so as to conform to the law.

The judgment will be reformed and affirmed.

*Affirmed.*